No. 3445.—State ex rel. P. Murtagh et als. *v.* The Judge of the Eighth District Court, Parish of Orleans.

An appeal will lie from a judgment either annulling or affirming an ordinance of the City Council, if the amount involved in the ordinance by way of contract exceeds in amount the sum of five hundred dollars, notwithstanding there may be several parties to the contract on the one side, no one of whom may have an interest therein equal to five hundred dollars.

In such a case a mandamus will issue, on application, to the judge *a quo*, directing him to grant the appeal.

APPLICATION for a Writ of Mandamus. *H. N. Ogden* and *J. D. Hill*, for relators. *H. C. Dibble*, Judge, respondent.

Howell, J. The relators, seventeen in number, allege that they, in connection with certain other parties, instituted suit in the Eighth District Court, parish of Orleans, entitled James Ready et als. *v.* City of New Orleans et al., to annul ordinance No. 1438, new series, passed by the City Council of New Orleans, for the purpose of authorizing and instructing the controller to adjudicate the contract for shelling Locust street, from Felicity road to Washington avenue, at the sole cost and expense of the front property owners on said street, of whom the relators are a majority, and also to annul the contract made with J. J. O'Hara, a defendant in said suit, in pursuance of said ordinance; that under said contract their united liability and interest exceed five hundred dollars and the whole amount involved is over five thousand dollars; that exceptions to the right of some of the plaintiffs in said suit to an action on the ground that the amount for which each was liable was under the jurisdiction of the court *a qua*, were maintained and the suit tried as to the others, against whom reconventional demands were filed by the contractor, O'Hara, their demand dismissed and judgments rendered against them on the several reconventional demands; that they applied for an appeal and tendered the necessary bond, but the appeal was refused and executions were ordered. They pray for a writ of prohibition and mandamus

The judge answers that he refused the appeal because "the amount in dispute between each of the several relators and the defendants in the said suit of James Ready et als. *v.* New Orleans et al. is less than five hundred dollars and (he) relies upon the authorities cited in Hennen's Digest, volume 1, title Appeal, page 20, 1 (A.) 3."

96

Such a general reference to authorities is no aid to the court and would be as well omitted. We do not think the reason justifies the refusal. The object of the suit primarily is to annul an ordinance and contract involving the sum of five thousand dollars, and if it had been decided in favor of the plaintiffs therein, relators here, and against the city and O'Hara, the contractor, there is no doubt the city and O'Hara, or either of them, could have appealed, and hence, as said in the case of the State ex rel. James Graham v. Judge of the Eighth District Court, decided at the last term in Monroe, the other party is entitled to the like right. The amount for which each of the relators may or may not be liable under the contract is not the principal or primary matter in dispute, but is a consequence of the principal question—the validity of the ordinance and contract, and is directly presented only by the reconventional demands. It can not, therefore, control the right of appeal in the case.

It is therefore ordered that the mandamus issued herein be made peremptory.